The action of trover is the legal remedy to recover damages for the unlawful conversion of a personal chattel. The lightwood was a chattel of this description, and the purchase under the execution vested in the plaintiff a right to it. The lightwood, however, being bulky, and too cumbrous to be immediately moved from the defendant's land on which it was sold, the law will presume, unless by some express and unequivocal act of the debtor such presumption should be destroyed, that it was left there by his consent and in his possession until the necessary arrangement could be made for (307) taking it away. In all cases where the consent of one man becomes necessary, and without which another cannot conveniently enjoy his property, the law presumes such consent to be given, unless the contrary expressly appears. Whenever, therefore, a man purchases heavy articles at a sheriff's sale, such as corn, fodder, haystacks, etc., which it is not *Page 221 
presumable he is prepared immediately to take away, he may, if not prohibited by the debtor, return in a peaceable manner and lawfully enter upon the freehold, or into the inclosures of such debtor, or other person on whose land such articles were sold, for the purpose of taking them away. But in the present case such presumption ceased to exist the moment the defendant expressly prohibited the plaintiff from entering upon his freehold, and threatened him with a suit if he did enter. After such expressly prohibition, the plaintiff from entering upon his freehold, and threatened him with a suit if he did enter. After such express prohibition, the entry of the plaintiff could not be a peaceable and lawful one. The law will not permit one man to enter upon the possession of another for the assertion of a mere private right which he may have to an article of personal property, against the express prohibition of him in possession; such permission would be attended with consequences very injurious to the peace of society. We therefore think that the refusal of the defendant, as stated in this case, was such evidence of a conversion, as was proper to be left to a jury. The conduct of the defendant reduced the plaintiff to the necessity of asserting his right by an action at law. "If a man give leave to have trees put into his garden, and afterwards refuse to let the owner take them, it will be a conversion." Com. Dig. Action on the Case, title, Trover E. This cases differs from that to be found in Gilbert's Evidence, 262, and in 5 Bac. Abr., Trover B, where there was a refusal to deliver a beam of timber; for here was not only a refusal to deliver, but a refusal to suffer the plaintiff to take the lightwood into his possession and cart it away, coupled with a declaration that if the plaintiff entered upon his freehold for that purpose he would sue (308) him. The plaintiff was under no necessity to enter upon the defendant's land and thereby incur the trouble and expense of a lawsuit. We therefore think the rule for a new trial should be discharged. *Page 223